# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ELIAS STEVE ROBINSON,

        Plaintiff,

  v.

STATE OF ALASKA, DHSS, BCP, SDS, et al.,

        Defendants.

Case No. 3:23-cv-00217-SLG

## SCREENING ORDER

On September 15, 2023, self-represented litigant Elias Steve Robinson ("Plaintiff") filed a civil complaint, a civil cover sheet, and a motion to waive the filing fee.[1] As an initial matter, Plaintiff has not signed the Complaint.[2] Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."[3] Ordinarily, the Court would accord Plaintiff 30 days to cure this deficiency. However, upon review, the Complaint fails to comply with Federal Rules of Civil

---

[1] Dockets 1-3.

[2] Docket 1 at 7. *See* Federal Rule of Civil Procedure (Civil Rule) 11(a) ("[e]very pleading, written motion, and other paper [filed in a district court] shall be signed" by counsel or, if the party is unrepresented, by the party himself.").

[3] *See also Becker v. Montgomery,* 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require "a name handwritten.").

Procedure 8(a) ("short and plain statement of claim") and 10(a) (each claim presented in separate counts). Further, even liberally construed, the Complaint fails to state a claim upon which relief could be granted. Therefore, the Court must dismiss the Complaint. However, the Court accords Plaintiff 30 days to file an amended complaint that corrects the deficiencies identified in this order.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[4] In this screening, a court shall dismiss the case at any time if the court determines that the action:

- is frivolous or malicious;
- fails to state a claim on which relief may be granted; or
- seeks monetary relief from a defendant who is immune from such relief.[5]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[6] Rule 8 of the Federal

---

[4] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[5] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 2 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 2 of 17

Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[7] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[8] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[9]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[10] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the deficiencies, unless to do so would be futile.[11]

## DISCUSSION

Plaintiff Elias Robinson alleges that he is the legal guardian and personal care provider for Michaela Robinson.[12] In Claim One, Plaintiff alleges his civil right

---

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Id.*

[9] *Id.* (internal citations and quotations omitted).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] Docket -1.

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 3 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 3 of 17

to "BCP, Background Check SDS" was violated by "DHSS, BCP, SDS, Fair Hearing Department" on April 1, 2019.[13] In Claim 2, Plaintiff alleges his civil right to "28 U.S.C. 534, Title 28 CFR 20.33 Publ. 92544" was violated by "BCP, SDS, CAT Review Unit Conduent Fair Hearings" on November 18, 2020."[14] In Claim 3, Plaintiff alleges his right to "Provisional Highering [sic] Process Statutes by State of Alaska's Rules" was violated by "Conduent of Fair Hearing DHSS, SDS, BCP."[15] For relief, Plaintiff seeks damages in the amount of $47,396 and $3,554; an order requiring defendants to attempt a settlement regarding all cases; a declaration that "allows a full federal hearing; and PCS/PCA – waiver denials reduction of hours to 12.75, Medicaid A & B-D."[16] With his Complaint, Plaintiff included copies of documents from his related state court proceedings and correspondence from the State of Alaska.[17]

The exact nature of Plaintiff's claims is unclear. However, liberally construed, Plaintiff seems to be contesting the state's decision to reduce Michaela Robinson's personal care service hours previously covered by Medicaid. He appears to be alleging their due process rights were violated and seeks to appeal

---

[13] Docket 1 at 3.

[14] Docket 1 at 4.

[15] Docket 1 at 5.

[16] Docket 1 at 7.

[17] Docket 1-1.

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 4 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 4 of 17

the decisions of an Administrative Law Judge, the Anchorage Superior Court, and the Alaska Supreme Court's order dated August 4, 2023, denying his petition for review.[18] Plaintiff also alleges wrongful termination, libel, and challenges a decision of the Background Check Program. The Court takes judicial notice[19] of Plaintiff's state court cases to the extent they are relevant herein.

## I. Plaintiff May Only Represent His Own Interests

While Plaintiff does not specifically name additional plaintiffs, his claims and requests for relief refer to alleged harm to Michaela Robinson. However, a self-represented litigant may represent only his own interests.[20] A non-attorney has "no authority to appear as an attorney for others than himself."[21] A parent or legal guardian cannot bring an action on behalf of his child or ward. Accordingly, Plaintiff may not bring claims on behalf of Michaela Robinson. Therefore, any amended complaint should focus solely on the alleged claims affecting Plaintiff personally.

---

[18] Docket 1-1 at 3. *See also* Docket 1-1 at 8-13 (Petitioner's Request for Review arguing the previous state court decisions were wrong).

[19] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[20] 28 U.S.C. § 1654.

[21] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); Cato v. United States, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 5 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 5 of 17

## II. Civil Rights Actions

To state a claim for relief under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right, the defendant's action must either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[24] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

A defendant in a civil rights lawsuit must be a "person."[26] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[27] A

---

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[24] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[26] 42 U.S.C. § 1983.

[27] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 6 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 6 of 17

person who acted under color of state law and caused a violation of federal rights may be sued in either an "individual" or "official" capacity. A defendant sued in an individual capacity may be held liable for monetary damages.[28] But a defendant sued in an official capacity may not be sued for damages, only for injunctive relief.[29] A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[30]

## III. State Agencies

The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the State or agency agrees to waive its immunity.[31] Further, the State of Alaska and state agencies are not considered "persons" under Section 1983.[32] Therefore, Plaintiff cannot maintain a Section 1983 claim in federal court against the State of Alaska or any of its departments or agencies.

---

[28] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[29] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

[30] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[31] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[32] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 does not include a State or State agency).

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 7 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 7 of 17

## IV. Potential Claims

### A. Challenging a Reduction in Medicaid Services

Medicaid is a cooperative federal-state program under which the federal government provides states with financial assistance to supply medical services to low-income people.[33] The states—subject to the approval of the federal government—determine who is eligible for the program, the services that will be offered, the payment levels to service providers, and administrative procedures.[34] There are twenty-eight categories of "medical assistance" that may be covered by Medicaid, including such traditional medical services as inpatient and outpatient hospital care, laboratory and X-ray services, and dental care.[35] Some of these categories are mandatory for participating states, and some are not.[36] Personal care services ("PCS") are an optional service that a state may choose not to offer to adults.[37] Once a person receives PCS services, they must be regularly reassessed to maintain eligibility.[38]

---

[33] *Arc of Wash. State Inc. v. Braddock,* 427 F.3d 615, 617 (9th Cir. 2005).

[34] 42 C.F.R. § 430.0 ("Within broad Federal rules, each State decides eligible groups, types and range of services, payment levels for services, and administrative and operating procedures.").

[35] *See* 42 U.S.C. § 1396d(a).

[36] *See* 42 U.S.C. § 1396a(a)(10)(A).

[37] *See id.* (excluding 42 U.S.C. § 1396d(a)(24) as one of the mandatory medical assistance categories).

[38] State Medicaid regulation 7 AAC 100.020 provides in relevant part as follows: (a) Except as provided in (h) of this section, at least once every 12 months, the department will require a recipient who is eligible for Medicaid under the following sections to submit a review application on a form provided by the department and furnish the documentation requested by the department

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 8 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 8 of 17

Individuals may request a fair hearing to appeal a decision of the state department, such as a "termination, suspension, or reduction of Medicaid eligibility or covered services."[39] If an appeal is filed, "a hearing officer is appointed and a hearing is held. The hearing officer may not approve eligibility, modify the budget, or approve denied services. Rather, the hearing officer may only uphold the Department's decision or remand to the Department to update assessment documents, recalculate a participant's budget, or reexamine a service denial."[40] If the participant or the Department disagrees with the hearing officer's decision, either may seek a Director's Review.[41] Judicial review of the final administrative decision may be obtained by filing an appeal in the Alaska Superior Court in accordance with Alaska R. App. P. 602(a)(2).

In this case, it appears Michaela Robinson was afforded a hearing after being notified the County was taking an action to reduce her Medicaid eligibility or covered services, and that Michaela and Elias Robinson have sought relief through the state courts.[42] Although "[t]he availability of state administrative procedures

---

to support continued eligibility.

[39] 42 U.S.C. § 431.201 (defining an "action" as a "termination, suspension, or reduction of Medicaid eligibility or covered services," or other specified adverse determinations); 42 U.S.C. § 1396a(a)(3) (requiring state plans to provide an opportunity for a fair hearing before the agency to any individual whose claim for medical assistance under the plan is denied). *See also* 42 C.F.R. §§ 431.200-431.250; 42 C.F.R. § part 438 (complaint procedures for managed care systems).

[40] *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 967 (9th Cir. 2015).

[41] AS 44.64.060(e)(1).

[42] Docket 1-1 at 3, 36. *See also, Michaela and Elias Robinson v. State of Alaska, DHSS, SDS,*

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 9 of 17
Case 3:23-cv-00217-SLG    Document 6    Filed 01/04/24    Page 9 of 17

ordinarily does not foreclose resort to § 1983,"[43] Plaintiff has not set forth any non-conclusory factual allegations to support a plausible claim that his due process or other rights were violated. Additionally, as explained above, Plaintiff cannot bring claims on behalf of Michaela Robinson in federal court; and federal courts do not have subject matter jurisdiction to conduct appellate review of state court proceedings.[44] Therefore, Plaintiff may not contest the state's decision to terminate or reduce Michaela Robinson's personal care service hours in the federal district court.

**B. Wrongful Termination**

Although Plaintiff claims wrongful termination, he has not provided a legal or factual basis to support a claim under Section 1983. While "it is not the Court's duty," when screening a complaint "to wade through exhibits to determine whether cognizable claims have been stated,"[45] the Court considered Plaintiff's exhibits to the extent they flesh out some further detail as to the bases for his claims.[46] From

---

Supreme Court No. S-17819 (re Superior Court Case No. 3AN-19-07590CI) (in briefing stage)); *Michaela Robinson v. State of Alaska, DHSS, SDS,* Supreme Court No. S-18677 (re Superior Court Case No. 3AN-21-09042CI) (in briefing stage)); *Elias Robinson v. State of Alaska, et al.,* Supreme Court No. S-18780 (re Superior Court Case No. 3AN-07221CI) (closed)); *Michaela Robinson and Elias Robinson v. State of Alaska, DHSS, SDS,* Supreme Court Case No. S-17140 (re Superior Court Case No. 3AN-16-09559CI) (closed)).

[43] *Watson v. Weeks,* 436 F.3d 1152, 1162 (9th Cir. 2006).

[44] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923).

[45] *Woodrow v. Cty. of Merced,* Case No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

[46] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (reaffirming liberal construction of pro se

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 10 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 10 of 17

what the Court can discern, Plaintiff went through a background check for enrollment as a "Personal Care Assistant" provider.[47] In 2019, the Background Check Program asked him for additional information related to previous court cases.[48] It appears any issues were resolved, and on February 4, 2021, he was found eligible from November 18, 2020 through November 18, 2025.[49] Then, on March 5, 2021, he was approved for enrollment as a Personal Care Assistant provider within the Alaska Medical Assistance Program.[50] It appears he was employed as a personal care service provider thought Arctic Care Services from April 2019 through May 2023.[51] To the extent Plaintiff seeks to allege wrongful termination of his employment, Plaintiff has not explained what employment was terminated, when this termination allegedly occurred, or under what circumstances. It is unclear if Plaintiff's employment ended due to the reduction or termination of Michaela's personal service hours or for some other reason. Further, the Court notes Plaintiff also has an ongoing employment discrimination case in state court against the Background Check Department.[52] To the extent Plaintiff

---

pleadings after *Iqbal*).

[47] Docket 1-1 at 17.

[48] Docket 1-1 at 27.

[49] *See* Docket 1-1 at 15-16 (letter from Background Check Program dated February 4, 2021).

[50] Docket 1-1 at 17.

[51] Docket 3 at 2.

[52] *Robinson, Elias vs. Background Check Department DHSS, et al.,* Case No. 3AN-21-07221CI.

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 11 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 11 of 17

seeks to challenge the termination of his Legal Guardianship,[53] the federal district court does not conduct appellate review of state court proceedings and cannot discern any basis for asserting jurisdiction over such a claim.

### C. Libel and Other State Tort Claims

Claims of defamation, libel, and slander are grounded in state law and most typically addressed in Alaska state court, and not in federal court.[54] The statute of limitations of personal injury tort claims in Alaska is two years.[55] Because Plaintiff fails to establish this Court's original jurisdiction over any of Plaintiff's claims—and because the Complaint fails to allege the essential elements of a tort claim—the Court does not exercise supplemental jurisdiction over any state claims.

## FILING AN AMENDED COMPLAINT

For the reasons above, the Complaint must be dismissed for failure to state a claim upon which relief could be granted. However, the Court will grant Plaintiff leave to file an amended complaint to address the deficiencies identified in this order. Any amended complaint replaces the prior complaint in its entirety.[56] Any claim not included in the amended complaint will be considered waived. However,

---

[53] *See* Docket 1-1 at 10 (claiming "wrongful termination matter of Legal Guardian Ship").

[54] Alaska Civil Pattern Jury Instructions, Article 16.01 (Defamation - Elements of Defamation Per Se Where Plaintiff is Not Public Figure and Statement Does Not Relate to Issue of Public Interest or Concern), available at https://courts.alaska.gov/CVPJI/index.htm.

[55] AS § 09.10.070.

[56] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 12 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 12 of 17

an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[57]  An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  An amended complaint should not contain a narrative and it should not contain or have attached to it medical records or other documentation.

Although Plaintiff has been given the opportunity to amend, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint.[58]  Any amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.  An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that a plaintiff is alleging has occurred to him, (2) when that injury occurred, (3) where that injury was caused, and (4) who he is alleging caused that specific injury to him.

## SERVICE

At Docket 5, Plaintiff file a Notice to the Court indicating he had completed service on Assistant Attorney General Paul Peterson and Attorney General Treg Taylor. However, Plaintiff's attempt at service does not comport with either the

---

[57] Fed. R. Civ. P. 8(a)(2).

[58] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 13 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 13 of 17

Federal Rules of Civil Procedure or the applicable rules of Alaska Civil Procedure. If the Court finds that plausible claims exist in an amended complaint, then the case can proceed to the next stage of litigation. The Court will then issue an Order Directing Service that will explain the requirements of completing service of a Court-issued summons and the complaint on each opposing party. Any amended complaint must not be served on any opposing party until the Court so orders. All service must be completed in compliance with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at Docket 1 is DISMISSED for failing to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order. Any amended complaint must not be served on any opposing party until the Court so orders.

2. Plaintiff is accorded **30 days** from the date of this order to file **one of the following**:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 14 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 14 of 17

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's application to waive the filing fee at **Docket 3 is GRANTED.**

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[59] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

6. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[60] If a plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice.

4. When the Court receives a filing from a self-represented litigant, the Clerk's Office will mail a Notice of Electronic Filing ("NEF") from the Court that

---

[59] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[60] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 15 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 15 of 17

indicates when the document was filed and the docket number of the document in the electronic case file for the case.

5. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

6. Copies of documents filed with the Court may be obtained from the Clerk's Office for $0.50 per page.[61] There is no charge for viewing case information or documents at courthouse public access terminals. Documents printed from the public access kiosk cost $0.10 per page. Litigants also may set up their own account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service. If a plaintiff chooses to access court records electronically through PACER, the fee is $0.10 per page retrieved, and the charge for any single document has a cap of $3.00, which is equivalent to 30 pages.[62] PACER does not charge for access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[63] In the event of special

---

[61] Alaska Local Civil Rule 79.2(b).

[62] PACER, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed June 27, 2023).

[63] PACER, Pricing Frequently Asked Questions, https://pacer.uscourts.gov/help/faqs/pricing (last

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 16 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 16 of 17

circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced prior to accruing charges.[64]

7.  All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case. Contact the Clerk's Office for questions regarding procedure or assistance accessing legal forms and resources. Please be advised that Clerk's Office staff are prohibited by law from providing legal advice.

8.  The Clerk of Court is directed to send (1) form PS15, Non-Prisoner Complaint for Violation of Civil Rights with "FIRST AMENDED" written above the title; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address with this order.

DATED this 4th day of January, 2024.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

accessed June 27, 2023).

[64] *Cf.* Local Rule 3.1(c)(3) (requiring applications to proceed without paying the filing fee be "fully completed signed *before* an application to waive prepayment of fees will be considered.") (emphasis added). *See also* PACER, Options to Access Records if you Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed June 27, 2023).

Case No. 3:23-cv-00217-SLG, *Robinson v. State of Alaska, DHSS, BCP, SDS, et al.*
Screening Order
Page 17 of 17
Case 3:23-cv-00217-SLG   Document 6   Filed 01/04/24   Page 17 of 17