# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ELIAS STEVE ROBINSON,

        Plaintiff,

v.

STATE OF ALASKA, DHSS, BCP, SDS, et al.,

        Defendants.

Case No. 3:23-cv-00217-SLG

## ORDER OF DISMISSAL

On September 15, 2023, Elias Steve Robinson, a self-represented litigant ("Plaintiff"), filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"), a civil cover sheet, and an application to waive filing fee.[1] The Court screened the Complaint, found it to be deficient, but granted Plaintiff leave to file an amended complaint.[2] On February 13, 2024, Plaintiff filed an amended complaint.[3] The Court has now screened the First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the First Amended Complaint also fails to state a claim upon which relief could be granted.[4]

---

[1] Dockets 1-3.

[2] Docket 6.

[3] Docket 9.

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Liberally construed, Plaintiff alleges he was wrongfully terminated from his employment due to inaccurate information in his background check records. He believes his due process rights were violated and claims he is owed for $43,170 in unpaid wages.[5] Plaintiff asserts jurisdiction under 28 C.F.R. §§ 50.12 and 16.34.[6] However, as the Court stated in its previous Screening Order, Plaintiff has not pleaded sufficient facts to support a claim under the due process clause of the Fourteenth Amendment.[7] Further, Plaintiff has an ongoing employment discrimination case in state court against the Background Check Department.[8] Plaintiff has not cured the deficiencies previously identified by the Court and has not established a basis for jurisdiction. A plaintiff's failure to cure a complaint's deficiencies constitutes "a strong indication that the [plaintiff has] no additional facts to plead" and "any attempt to amend would be futile[.]"[9]

The Court is unable to identify a federal or constitutional claim, and the federal regulations identified by Plaintiff do not provide a private right of action in federal court. Specifically, 28 C.F.R. § 50.12 allows officials of state and local

---

[5] Docket 9 at 5; Docket 9-1 at 2.

[6] Docket 9 at 1.

[7] Docket 9 at 10.

[8] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of *Robinson, Elias vs. Background Check Department DHSS, et al.,* Case No. 3AN-21-07221CI. The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[9] *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation marks and citation omitted).

government to submit fingerprints and exchange FBI identification records, including the criminal history records of the FBI for purposes of employment and licensing; and 28 C.F.R. § 16.34 provides the procedures to change, correct or update those records. Neither regulation confers upon a private citizen the right to sue a State or state officials in federal court.[10] For these reasons, the First Amended Complaint also fails to state a claim upon which relief could be granted. The Court finds giving Plaintiff another opportunity to file an amended complaint would be futile, so this case is DISMISSED with prejudice.[11]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

2. Any pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment.

DATED this 4th day of June, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] And, as the Court previously explained in its initial Screening Order, the State of Alaska and state agencies are not considered "persons" under Section 1983; therefore, Plaintiff cannot maintain a Section 1983 claim in federal court against the State of Alaska or any of its departments or agencies. Despite this Court's previous instruction, the First Amendment Complaint again lists the State of Alaska and its agencies as defendants. *See* Docket 6 at 7; Docket 9.

[11] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (a dismissal without further leave to amend is not an abuse of discretion when the court lacks subject matter jurisdiction).